Brian H. Song, Esq. #188662
*Briansong@SongLeeLaw.com*
BHS LAW CORPORATION
2559 S. Bascom Avenue
CAMPBELL, CA 95008
TEL: (408)628-4257
FAX: (408)628-4258

Attorney for Plaintiff
Bhs Law LLP

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (San Jose Division)

| | |
|---|---|
| BHS LAW LLP, a California limited liability partnership, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     vs.<br><br>BMO HARRIS BANK N.A., doing business as BMO Bank N.A. and DOES 1-50, inclusive,<br><br>     Defendants | **CASE NO.:** 5:25-cv-10368<br><br>CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEFS<br><br><DEMAND FOR JURY TRIAL> |

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel:(408)628-4257; Fax:(408)628-4258

## I. INTRODUCTION

1.     Plaintiff BHS Law LLP ("Plaintiff") brings this action on behalf of herself and similarly situated small business customers against BMO Harris Bank N.A., doing business as BMO Bank N.A. ("BMO" or "Defendant"). Plaintiff was organized as a qualified LLP in or about August 2014. After its partners departed in September 2025, Plaintiff surrendered the license to practice law. It is now in dissolution stage, maintaining its existence for the purpose of orderly dissolution process, and also to defend actions and prosecute claims. It is now represented by BHS Law Corporation, a qualified law corporation, organized by the former managing partner (Brian H. Song) of Plaintiff. No other partners of Plaintiff have joined BHS Law Corporation. The foregoing allegations are added in part for the purpose of justifying the Prayer seeking attorney's fees for individual claims belonging to Plaintiff. No waiver of the privilege of privacy is intended by the foregoing allegations.

2.     This case arises from BMO's systematic practice of charging unauthorized fees for business banking services that customers never requested, never used, never consented to, and often expressly declined.

3.     These unlawful charges include, but are not limited to:

a.     Account Analysis Service Fees, imposed despite Plaintiff expressly electing not to receive Analysis services;

b.     Merchant Services Fees, charged for merchant-processing services Plaintiff never requested and never used[1];

c.     Cash Management Service Fees, including fees for services already included in Plaintiff's elected cash management package, and fees increased arbitrarily without notice; and

---

[1] After noticing BMO's charging of Account Analysis Fees, among others, Plaintiff requested BMO to provide documents and agreements under which they were charging the fees. BMO then forwarded Exhibit 1. Plaintiff also has no independent recollection of ever requesting merchant services from BMO or its predecessor (Bank of the West). Additionally, Plaintiff was already getting merchant services from Wells Fargo Bank N.A. since about 2016 until recently. See footnote 2 for the introduction of Exhibit 1.

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax:(408)628-4258

d.    Monthly Account Service Fees[2], which BMO unilaterally raised from $20/month to $40/month without providing any contractual, statutory, or regulatory notice.

e.    Summary of fees charged is compiled and attached hereto as **Exhibit 2**. The data for one month was assumed because Plaintiff was unable to find and download bank statements for the month of September 30, 2029.

4.    Beginning no later than July 2019 and continuing through September 2025, BMO repeatedly and arbitrarily deducted unauthorized fees from Plaintiff's business account in amounts that:

- fluctuated wildly from month to month,

- lacked any logical or contractual basis,

- were never disclosed in advance,

- were not tied to any actual service rendered,

- and were inconsistent with BMO's own published schedules.

5.    At no time did Plaintiff sign, authorize, or agree to any contract, application, service enrollment, or pricing schedule that permitted BMO to impose these fees.

6.    Nor does BMO possess any record of such authorization — because none exists.

7.    BMO's conduct represents a uniform, automated, and deceptive billing scheme affecting thousands of small business customers nationwide, implemented through:

- internal "coding flags" that automatically enroll accounts in billable services,

- backend fee algorithms that adjust charges without customer consent,

- opaque monthly statements designed to obscure unauthorized fees,

---

[2] A true and correct copy of the agreement, 'Authorization And Agreement For Cash Management Services" is attached hereto as **Exhibit 1** (Tax Id redacted and appears blank) and is incorporated hereto. On page of the same, the detailed list of 'Cash Management Service(s) Requested' appears. Plaintiff entered into said agreement with Bank of the West. Plaintiff is informed and believes and thereon alleges that BMO is the successor of Bank of the West by reason of merger or some form of corporate transactions. The list shows that Plaintiff had explicitly elected not to receive any Account Analysis Service. Yet, BMO charged Plaintiff fees therefor.

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel:(408)628-4257; Fax:(408)628-4258

- and the absence of any internal process to verify customer authorization for Analysis, Merchant, or Cash Management services.

8.     Through this scheme, BMO has collected millions of dollars in unlawful fees from small business customers, violating California law, breaching contract obligations, and engaging in unfair and fraudulent business practices.

9.     Plaintiff seeks certification of a Small Business Fee Abuse Class, restitution, compensatory damages, punitive damages, injunctive relief, and attorneys' fees.

## II. JURISDICTION, VENUE, & DIVISION

10.    This Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because:

- The proposed class contains at least hundreds, if not thousands, of members;
- The amount in controversy exceeds $5,000,000 exclusive of interest and costs; and
- Defendant BMO is a national bank with citizenship in Illinois, whereas Plaintiff and many class members are citizens of California or other states.

11.    Supplemental jurisdiction is proper under 28 U.S.C. § 1367 because all state-law claims arise from the same case or controversy.

12.    Venue is proper under 28 U.S.C. § 1391 because:

- A substantial part of the events or omissions giving rise to the claims occurred in this District;
- BMO conducts substantial business in this District; and
- Plaintiff's business account was opened and maintained within California.

13.    BMO is subject to personal jurisdiction because it regularly conducts business in California, maintains retail operations in California, and voluntarily avails itself of the privileges and protections of California law.

14.    San Jose Division is proper in that Plaintiff signed account contracts to become a customer in Santa Clara, Santa Clara County. Additionally, BMO's failure took place in Santa Clara County.

## III. PARTIES

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408) 628-4257; Fax: (408) 628-4258

15.     Plaintiff is a limited liability partnership organized under the laws of and located in California who maintained a business checking account with BMO. It was originally organized as "Song & Lee LLP" but underwent a name change in or about 2023 to "Bhs Law LLP."

16.     Plaintiff never enrolled in, never authorized, and never used any services for which BMO charged:

- Account Analysis Services
- Merchant Services
- Additional Cash Management fees
- Increased Monthly Service Fees

17.     Defendant BMO Harris Bank N.A., doing business as BMO Bank N.A., is a national banking association headquartered in Illinois. Plaintiff is informed and believes and thereon alleges that Defendant BMO is the successor of Bank of the West.

18.     BMO provides business banking services nationwide, including in California.

19.     BMO designs, develops, and implements centralized algorithms and backend coding systems that:

- enroll business accounts into billable service categories,
- automatically assess fees monthly,
- adjust fee amounts without customer consent,
- and lack any mechanism to verify customer authorization.

20.     BMO's unlawful conduct was undertaken by its officers, employees, contractors, and agents, all of whom acted within the scope of their employment.

21.     Plaintiff is informed and believes that DOES 1–50 participated in, orchestrated, or profited from the fee-assessment practices described herein.

## IV. FACTUAL ALLEGATIONS

**A. Plaintiff Opened a Small Business Account With BMO and Elected Only Basic Services**

22.     Plaintiff opened a small business deposit account with BMO. At account opening, Plaintiff elected basic business banking services only, declined optional add-on services, and never signed any agreement authorizing enrollment in:

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258

a.      Account Analysis services

b.      Merchant Services

c.      Additional Cash Management tiers

d.      Any variable-fee or usage-based billing plan

23.    Plaintiff maintained the account for legitimate small-business purposes and relied on BMO's representations that the account would carry only the fees expressly agreed upon.

24.    At no time did Plaintiff sign or receive any Merchant Account Agreement, Account Analysis Agreement, Treasury Management Agreement, Merchant Services Pricing Addendum, or any other document evidencing consent to billable business add-on services.

25.    Plaintiff did not use, and in many cases did not even know existed, the services associated with the fees described below.

**B. BMO Charged Unauthorized Merchant Services Fees Beginning in July 2019**

26.    Beginning in July 2019, BMO started charging Plaintiff "Merchant Services Fees" even though Plaintiff:

a.      never applied for merchant processing,

b.      never used merchant processing services,

c.      never had a merchant terminal or gateway,

d.      never processed card-present or card-not-present transactions,

e.      and never executed any merchant agreement.

27.    The fees were substantial, arbitrary, and erratic. BMO charged Plaintiff the following Merchant Services Fees:

- July 2019: $246.69

- August 2019: $551.17

- September 2019: $630.17

- October 2019: $128.61

- November 2019: $356.98

- December 2019: $74.99

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax:(408)628-4258

28.  These dramatic fluctuations—ranging from $74.99 to over $630—have no logical basis and do not correspond with any usage, service, or account activity.

29.  Plaintiff did not use any merchant services during any of these months.

30.  In 2020, BMO began charging Plaintiff a suspiciously consistent fee structure:

- January 2020: $219.00
- February 2020 – January 2022: $74.99 per month

31.  These recurring monthly charges demonstrate that BMO had automatically enrolled Plaintiff in a merchant billing cycle that Plaintiff never authorized.

32.  From 2023 forward, BMO repeatedly changed the merchant fee amounts with no notice, explanation, or contractual basis:

- January 2023: $174.98
- February – May 2023: $74.99 per month
- June – December 2023: $99.99 per month
- January 2024: $229.98
- February – March 2024: $99.99 per month
- April – December 2024: $179.99 per month
- January 2025: $309.98
- February – September 2025: $179.99 per month

33.  Plaintiff never received any:

- merchant terminals,
- merchant gateway accounts,
- processing statements,
- PCI compliance reports,
- or merchant onboarding materials.

34.  Plaintiff did not process a single card transaction during this multi-year period.

35.  No valid merchant agreement existed. BMO nonetheless extracted over six years of unauthorized Merchant Services Fees from Plaintiff's account.

**C. BMO Charged Unauthorized Account Analysis Fees Beginning in September 2023**

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel:(408)628-4257; Fax:(408)628-4258

36.     In September 2023, BMO began charging Plaintiff Account Analysis Fees even though Plaintiff:

- expressly declined account analysis services at account opening,
- requested a simple, standard business deposit account,
- received no analysis services or reports,
- and never consented to any premium or fee-based account structure.

37.     Account Analysis Fees escalated rapidly:

- September 2023: initial Analysis Fee (amount to be specified if needed)
- December 2024: increased to $85
- February 2025: increased to $122

38.     These repeated unilateral fee increases were made:

- without notice,
- without customer consent,
- without contractual authorization,
- and without providing any additional services.

39.     Plaintiff received no:

- earnings credit analysis statements,
- transaction analysis reports,
- compensating balance reports,
- or cash management or treasury analysis tools.

40.     BMO simply coded Plaintiff's account internally as an "analysis" account and auto-billed monthly fees based on that coding.

41.     This conduct is consistent with a bank-wide automated enrollment defect or an intentional "junk fee" revenue practice.

**D. BMO Abused Cash Management Service Fees**

42.     Plaintiff elected to receive Cash Management Services, but BMO:

- charged additional fees for services supposedly included in the package,
- provided none of the meaningful cash management tools that were promised,

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel:(408)628-4257; Fax:(408)628-4258

1          •       and repeatedly increased cash management-related fees without disclosure.

2    43.    Plaintiff was charged additional fees for services that were supposed to be included, such as:

3          •       wire transfer fees

4    44.    BMO frequently changed the Cash Management fee amounts month-to-month, without

5    notice.

6    45.    Plaintiff received no meaningful onboarding, no training, and no upgraded features to

7    justify the increased charges.

8    46.    These practices demonstrate BMO's systematic overcharging for a feature Plaintiff did

9    elect, but where BMO:

10         •       charged more than the written agreement allowed,

11         •       charged for items included in the package,

12         •       and failed to deliver the services described in its own marketing.

13   **E. BMO Unilaterally Increased the Monthly Service Fee Without Notice**

14   47.    Plaintiff was originally promised a $20 monthly service fee.

15   48.    Before the account's first anniversary, BMO unilaterally increased the monthly service fee

16   to $40 — without any notice and without contractual authority.

17   49.    Plaintiff received no email, letter, disclosure update, or statement change explaining:

18         •       why fees doubled,

19         •       what justified the increase,

20         •       or how Plaintiff could object or opt out.

21   50.    The deposit account agreement does not authorize fee increases without prior notice.

22   51.    BMO's unilateral fee increase constitutes a breach of contract and an unfair business

23   practice.

24   **F. BMO Provided No Meaningful Notice, Disclosures, or Agreements**

25   52.    Across all fee categories — Merchant, Analysis, Cash Management, and Monthly Service

26   Fees — BMO uniformly failed to provide:

27         •       any disclosure of fee increases,

28         •       any explanation of fee calculations,

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258

1          •          any notice of enrollment in optional services,

2          •          any opt-out procedure,

3          •          any copy of service agreements,

4          •          any updates to deposit account terms,

5          •          and any explanation of how fees were determined.

6     53.     BMO's monthly account statements were:

7          •          opaque,

8          •          confusing,

9          •          non-itemized,

10         •          and used vague line items such as "Service Charge—Analysis," "Merchant Fee,"
and "CM Fee Adjustment."

12     54.     These statements were designed to obscure unauthorized charges and discourage
customers from questioning fees.

## G. BMO's Fee Practices Resulted From Uniform Internal Coding / Backend Systems

15     55.     Plaintiff is informed and believes, and on that basis alleges, that BMO uses internal "coding
flags" that:

17         •          mark certain accounts as "Merchant," "Analysis," or "Cash Management Tier X,"

18         •          automatically generate recurring fees,

19         •          allow back-office employees to assign codes without customer authorization,

20         •          and allow algorithmic fee changes based on internal revenue targets.

21     56.     These backend systems operate identically for all small business customers.

22     57.     Thus, the same unauthorized fees are imposed uniformly on thousands of small business
accounts nationwide.

## H. Statute of Limitations & Tolling Allegations

25     58.     Plaintiff incorporates all preceding paragraphs.

26     59.     Many of BMO's wrongful fee practices began in or around July 2019, and continued
monthly through 2025. Although the charges appeared on Plaintiff's business bank statements, BMO's
statements were vague, opaque, and did not disclose the nature, basis, or authorization for the fees. As a

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax:(408)628-4258

result, Plaintiff could not reasonably have discovered the unlawful nature of BMO's fee practices until far later.

60.     Plaintiff alleges that the applicable statutes of limitations for all claims are tolled under the discovery rule, because Plaintiff did not discover and could not reasonably have discovered the facts constituting BMO's wrongful conduct until within the applicable limitations period. BMO intentionally used non-descriptive labels such as "Service Charge—Analysis," "Merchant Fee," and "CM Fee Adjustment," none of which disclosed that Plaintiff had been enrolled in optional, fee-based services without consent.

61.     Plaintiff further alleges that fraudulent concealment tolls the statute of limitations. BMO intentionally and actively concealed material facts regarding:

- the enrollment of Plaintiff's account into Merchant Services;
- the enrollment of the account into Account Analysis Services;
- the true nature and charges associated with Cash Management Services;
- unilateral fee increases; and
- the internal coding logic that auto-enrolled Plaintiff into fee-based services.

62.     BMO possessed exclusive knowledge of these concealed facts and intentionally prevented Plaintiff from discovering them.

63.     Plaintiff alleges equitable tolling, because BMO's conduct made timely filing impossible or unreasonable. BMO possessed exclusive knowledge of its automated enrollment systems, refused to provide explanations or agreements when requested, and created monthly statements designed to prevent customers from understanding the source or validity of the charges.

64.     Plaintiff alleges that BMO's conduct constitutes a continuing violation, because BMO charged unlawful fees monthly from 2019 through 2025. Each monthly deduction constitutes a new and independent violation, breach, conversion, and unfair business practice. Under the continuing violation doctrine, Plaintiff and Class Members may recover for all fees charged during the applicable class period, including those occurring more than four years before filing.

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel:(408)628-4257; Fax:(408)628-4258

65. Plaintiff further alleges that each unauthorized monthly fee constitutes a renewal of the contractual breach, thereby restarting the limitations period for breach of contract under the "rolling breach" doctrine applicable to ongoing monthly billing obligations.

66. Plaintiff alleges that equitable estoppel bars BMO from asserting any statute of limitations defense. BMO's deceptive conduct, failure to disclose the nature of the charges, refusal to provide requested agreements, and repeated reassurances that the fees were "standard" or "normal" led Plaintiff to believe no wrongdoing existed and prevented earlier action.

67. For these reasons, all statutes of limitations affecting Plaintiff's claims are tolled, suspended, deferred, or otherwise extended, and Plaintiff may pursue damages and restitution for all wrongful charges dating back to July 2019.

## V. CLASS ACTION ALLEGATIONS (Fed. R. Civ. P. 23)

68. Plaintiff brings this action under Rule 23(a), 23(b)(2), and 23(b)(3) on behalf of herself and all similarly situated small business customers of BMO who were unlawfully charged fees for services they did not authorize, did not request, did not use, or for which BMO unilaterally increased pricing without notice.

**A. Proposed Classes**

69. Plaintiff seeks to represent the following classes:

(1) Nationwide Small Business Fee Abuse Class

(2) All small business account holders of BMO Bank N.A. or BMO Harris Bank N.A. in the United States who were charged any Account Analysis Fees, Merchant Services Fees, Cash Management Fees, Monthly Maintenance Fees, or other recurring service fees that were not authorized by any agreement with the customer, at any time from July 2019 through the date of class certification.

70. Plaintiff also seeks to represent a California Small Business Fee Subclass:

(1) California Subclass

(2) All members of the Nationwide Class who opened or maintained their small business accounts in California, or who were charged unauthorized fees while residing or doing business in California.

71. Excluded from the Class are:

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258

(1)     BMO and its officers, directors, employees, and legal representatives;

(2)     any entity in which BMO has a controlling interest;

(3)     the judge assigned to this case;

(4)     and any person who validly requests exclusion.

**B. Numerosity – Rule 23(a)(1)**

72.     The Class contains thousands of small business customers nationwide, making joinder impracticable.

73.     BMO is a national bank with millions of accounts; even a small percentage affected creates a class well into the thousands.

**C. Commonality – Rule 23(a)(2)**

74.     Common questions of law and fact predominate, including:

a.     Whether BMO charged Account Analysis Fees without customer authorization;

b.     Whether BMO charged Merchant Services Fees without customer authorization;

c.     Whether BMO increased Monthly Account Service Fees without notice;

d.     Whether BMO charged Cash Management Fees not included in elected packages;

e.     Whether BMO's deposit agreements authorized the fees;

f.     Whether BMO's fee assessments violated California law and public policy;

g.     Whether BMO's backend coding system automatically enrolled customers in fee-based services;

h.     Whether BMO failed to provide required disclosures;

i.     Whether BMO wrongfully retained money paid through unauthorized fees;

j.     Whether BMO acted willfully and in bad faith;

k.     Whether class members are entitled to restitution, damages, and injunctive relief.

64.     Each of these questions can be answered with common evidence applicable to all Class members.

**D. Typicality – Rule 23(a)(3)**

65.     Plaintiff's claims are typical of the Class because:

a.     she received the same standardized monthly statements,

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel:(408)628-4257; Fax:(408)628-4258

1          b.      was charged the same categories of unauthorized fees,

2          c.      was subjected to the same backend coding system,

3          d.      and had the same uniform deposit agreement that did not authorize these fees.

4      66.      The same wrongful conduct injured Plaintiff and all class members.

5 **E. Adequacy – Rule 23(a)(4)**

6      67.      Plaintiff will fairly and adequately protect the interests of the Class.

7      68.      Plaintiff's interests align with the Class because Plaintiff seeks the same remedies for the

8 same misconduct.

9      69.      Plaintiff has retained counsel experienced in complex consumer and commercial class

10 action litigation.

11 **F. Predominance – Rule 23(b)(3)**

12      70.      The central questions in this case concern BMO's uniform practice of charging

13 unauthorized fees through:

14          a.      standard account agreements,

15          b.      internal auto-enrollment algorithms,

16          c.      identical banking systems,

17          d.      and uniform failure to provide disclosures.

18      71.      These common questions predominate over any individualized issues.

19      72.      Damages can be determined algorithmically through BMO's own electronic transaction

20 records.

21 **G. Superiority – Rule 23(b)(3)**

22      73.      A class action is the superior method for adjudicating this controversy because:

23          a.      Individual customers typically suffer relatively small monthly charges, making

24 individual lawsuits economically infeasible;

25          b.      The complexity of banking fee analysis requires centralized adjudication;

26          c.      Uniform policies require uniform solutions;

27          d.      Many small business owners lack the resources to challenge major national banks

28 individually;

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel:(408)628-4257; Fax:(408)628-4258

e.        Class treatment will avoid inconsistent adjudications.

**H. Rule 23(b)(2) Injunctive Relief**

74.    Plaintiff also seeks class wide injunctive relief, because BMO continues to:

a.        impose unauthorized fees,

b.        conceal fee schedules,

c.        use a defective backend coding system,

d.        retroactively modify pricing,

e.        and automatically escalate fees without consent.

75.    BMO's conduct is ongoing and requires court intervention.

## VI. CAUSES OF ACTION

### 1ST COA

### FIRST CAUSE OF ACTION

### BREACH OF CONTRACT

(On Behalf of Plaintiff and the Class Against BMO)

76.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

77.    Plaintiff and Class Members entered into valid, binding Deposit Account Agreements with BMO for the provision of small business banking services.

78.    BMO drafted the Deposit Account Agreement and all related documents, and customers had no ability to negotiate its terms.

79.    Under the Deposit Account Agreement, BMO was permitted to charge only those fees:

a.        expressly disclosed,

b.        clearly described in writing,

c.        authorized by the customer,

d.        and reflected in a valid fee schedule.

80.    BMO breached the Deposit Account Agreement by assessing fees that were not authorized by any agreement with Plaintiff or Class Members, including but not limited to:

a.        Merchant Services Fees — despite Plaintiff never signing any merchant agreement;

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258

b.    Account Analysis Fees — despite Plaintiff expressly electing not to receive analysis services;

c.    Cash Management Service Fees — including fees for services already included in Plaintiff's package and unilaterally increased pricing;

d.    Monthly Account Service Fees — increased from $20 to $40 without notice;

e.    Additional pricing adjustments that were not disclosed or agreed upon.

81.    BMO further breached the Deposit Account Agreement by unilaterally modifying fee amounts without providing the contractually required prior notice.

82.    Plaintiff and Class Members performed all conditions and obligations required of them.

83.    As a direct and proximate result of BMO's breaches, Plaintiff and Class Members paid unauthorized fees and suffered monetary losses in an amount to be proven at trial.

84.    Plaintiff and the Class are entitled to damages, restitution, and all appropriate relief.

**2ND COA**

**SECOND CAUSE OF ACTION**

<u>BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING</u>

(On Behalf of Plaintiff and the Class Against BMO)

85.    Plaintiff incorporates all preceding paragraphs.

86.    Every contract contains an implied covenant of good faith and fair dealing requiring that neither party act in a manner that unfairly interferes with the rights of the other to receive the benefits of the agreement.

87.    BMO violated its duty of good faith by:

a.    enrolling Plaintiff and Class Members into fee-based services without consent;

b.    charging merchant services fees where no merchant services were provided;

c.    charging analysis fees without delivering analysis services;

d.    charging cash management fees for features that should have been included;

e.    imposing arbitrary monthly service fee increases;

f.    failing to provide notice of fee changes;

g.    concealing the basis and calculation of the fees;

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel:(408)628-4257; Fax:(408)628-4258

h.    manipulating internal account coding to trigger fees;

i.    using vague, opaque descriptions on monthly statements to hide unauthorized charges.

88.    BMO acted in bad faith and purposely frustrated the agreed-upon purpose of the contract by implementing a system designed to increase fee revenue at the expense of small business customers.

89.    Plaintiff and Class Members were damaged by BMO's conduct.

90.    Plaintiff and Class Members seek damages, restitution, and all available relief.

**3RD COA**

**THIRD CAUSE OF ACTION**

<u>UNJUST ENRICHMENT / RESTITUTION</u>

(On Behalf of Plaintiff and the Class Against BMO)

91.    Plaintiff incorporates all preceding paragraphs.

92.    BMO unlawfully received and retained money belonging to Plaintiff and Class Members by charging:

a.    unauthorized Merchant Fees,

b.    unauthorized Account Analysis Fees,

c.    unauthorized Cash Management Fees,

d.    and increased Monthly Service Fees.

93.    Plaintiff and Class Members conferred a benefit upon BMO in the form of these payments.

94.    BMO accepted and retained this benefit even though:

a.    Plaintiff never authorized these services,

b.    BMO never provided the services,

c.    and BMO never disclosed or justified the charges.

95.    It would be unjust to allow BMO to retain the fees collected through deception, nondisclosure, and bad faith.

96.    Plaintiff and Class Members seek restitution and disgorgement of all amounts wrongfully collected.

**4TH COA**

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel:(408)628-4257: Fax:(408)628-4258

1

**FOURTH CAUSE OF ACTION**

2

<u>MONEY HAD AND RECEIVED</u>

3

(On Behalf of Plaintiff and the Class Against BMO)

4

97.     Plaintiff incorporates all preceding paragraphs.

5

98.     BMO received money that, in equity and good conscience, belongs to Plaintiff and the

6

Class.

7

99.     The money was obtained through unauthorized fees and without Plaintiff's knowledge or

8

consent.

9

100.     BMO has refused to return the wrongfully collected funds.

10

101.     Plaintiff and Class Members seek restitution in an amount to be proven at trial.

11

**5TH COA**

12

**FIFTH CAUSE OF ACTION**

13

<u>CONVERSION</u>

14

(On Behalf of Plaintiff and the Class Against BMO)

15

102.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

16

103.     Plaintiff and Class Members had a right to possess the funds held in their business deposit

17

accounts.

18

104.     BMO intentionally and substantially interfered with Plaintiff's and Class Members' rights

19

by wrongfully taking money from their accounts through unauthorized fees, including but not limited to:

20

a.     Merchant Services Fees

21

b.     Account Analysis Fees

22

c.     Cash Management Fees

23

d.     Increased Monthly Service Fees

24

e.     Arbitrary fee adjustments

25

105.     These unauthorized withdrawals were not permitted by contract or law.

26

106.     Plaintiff and Class Members did not consent to BMO's conduct.

27

107.     BMO acted knowingly, willfully, and with reckless disregard for Plaintiff's property rights.

28

108.     As a direct result, Plaintiff and Class Members suffered a substantial, cognizable loss.

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel:(408)628-4257; Fax:(408)628-4258

1    109.    Plaintiff and Class Members are entitled to compensatory damages, prejudgment interest,

2    and punitive damages.

3    **6TH COA**

4    **SIXTH CAUSE OF ACTION**

5    <u>CA PEN. CODE §496, SUBD. (C)</u>

6    (On Behalf of Plaintiff and the Class Against BMO)

7    110.    Plaintiff incorporates all preceding paragraphs.

8    111.    By this lawsuit, Plaintiff (to the extent not previously demanded separately) on its behalf

9    and the Class demands that BMO return all monies and funds withdrawn with authorization from the

10   accounts of Plaintiff and each of the Class held at BMO and shall do so immediately.

11   112.    BMO can account and in position to account for each such unauthorized withdrawn money.

12   113.    BMO is obligated to account each such unauthorized withdrawal.

13   114.    To the extent BMO fails to return all such unauthorized withdrawn monies, each such

14   failure constitutes an instance of BMO's unlawful withholding of the same.

15   115.    Each such failure constitutes withholding of stolen monies. BMO's initial unauthorized

16   withdrawing of the monies from the account(s) of Plaintiff and the Class was intended to deprive the same

17   of the right and use of the monies permanently.

18   116.    BMO acted knowingly, willfully, and with reckless disregard for Plaintiff's property rights.

19   117.    As a direct result, Plaintiff and Class Members suffered a substantial, cognizable loss.

20   118.    Plaintiff and Class Members are entitled to compensatory damages, treble damages,

21   prejudgment interest, and punitive damages and other reliefs.

22   **7TH COA**

23   **SEVENTH CAUSE OF ACTION**

24   <u>FRAUD / FRAUDULENT OMISSION</u>

25   (On Behalf of Plaintiff and the Class Against BMO)

26   119.    Plaintiff incorporates all preceding paragraphs.

27   120.    BMO made material omissions by failing to disclose:

28       a.       that it would assess Merchant Services Fees without any merchant agreement;

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258

b.  that it would enroll customers in Account Analysis Services without consent;

c.  that it would charge Cash Management fees for included services;

d.  that it would increase Monthly Service Fees without notice;

e.  that its monthly statements would not itemize or explain fees;

f.  that fee amounts would fluctuate arbitrarily and significantly;

g.  that internal coding flags—not customer choice—determined fee enrollment.

121.  These omissions were material, because a reasonable business customer would not knowingly agree to:

a.  merchant fees exceeding $600/month,

b.  analysis fees exceeding $100/month,

c.  double-charging for cash management services,

d.  undisclosed fee increases,

e.  or any billing algorithm that automatically upgrades pricing tiers.

122.  BMO intentionally withheld these facts in order to:

a.  increase fee revenue,

b.  avoid customer objections,

c.  prevent customers from opting out,

d.  and retain ill-gotten gains.

123.  BMO had a duty to disclose these facts because:

a.  BMO had exclusive knowledge of its automated fee-enrollment system;

b.  BMO made partial representations but concealed material facts;

c.  BMO actively prevented Plaintiff from discovering the truth;

d.  BMO was in a fiduciary or special-relationship-like position as custodian of Plaintiff's funds.

124.  Plaintiff reasonably relied on BMO's nondisclosures because:

a.  the fee descriptions were vague and opaque,

b.  no agreements or disclosures were provided,

c.  and banks are expected to comply with law and industry standards.

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel:(408)628-4257; Fax:(408)628-4258

1    125.    Had Plaintiff known the truth, she would not have maintained her account with BMO or

2    would have immediately disputed the charges.

3    126.    Plaintiff and Class Members suffered damages exceeding millions of dollars.

4    127.    Because BMO acted with fraud, malice, and oppression, punitive damages are warranted.

5                                **8TH COA**

6                          **EIGHTH CAUSE OF ACTION**

7                          <u>NEGLIGENT MISREPRESENTATION</u>

8                    (On Behalf of Plaintiff and the Class Against BMO)

9    128.    Plaintiff incorporates all preceding paragraphs.

10   129.    BMO made representations—express and implied—that:

11         a.    only authorized services would be billed,

12         b.    fee increases would be disclosed,

13         c.    charges for merchant or analysis services would require agreement,

14         d.    cash management fees reflected the elected package,

15         e.    monthly statements accurately disclosed charges.

16   130.    These representations were false.

17   131.    When making these representations, BMO lacked reasonable grounds for believing them

18   to be true.

19   132.    Plaintiff and Class Members relied on these representations to their detriment.

20   133.    Plaintiff and Class Members are entitled to damages in an amount to be proven at trial.

21                                **9TH COA**

22                          **NINTH CAUSE OF ACTION**

23         **UNFAIR COMPETITION LAW (Bus. & Prof. Code § 17200)**

24                    <u>UNLAWFUL, UNFAIR, AND FRAUDULENT PRONGS</u>

25                    (On Behalf of Plaintiff and the California Subclass)

26   134.    Plaintiff incorporates all preceding paragraphs.

27   135.    BMO engaged in unlawful business practices by:

28         a.    breaching contracts;

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel:(408)628-4257; Fax:(408)628-4258

b.     charging fees without authorization;

c.     collecting money to which it was not entitled;

d.     violating California Commercial Code provisions;

e.     violating implied covenant obligations.

136.    BMO engaged in unfair business practices because its conduct:

a.     harms small business customers;

b.     violates established public policies against hidden and "junk" fees;

c.     is immoral, unethical, oppressive, and unscrupulous;

d.     outweighs any legitimate business justification.

137.    BMO engaged in fraudulent practices by:

a.     concealing material facts;

b.     omitting information about fees;

c.     using vague or misleading statements;

d.     failing to disclose price increases;

e.     creating misleading impressions of service enrollment.

138.    Plaintiff and the Class lost money as a result of BMO's unlawful, unfair, and fraudulent practices.

139.    Plaintiff and the Class are entitled to restitution and injunctive relief.

## 10TH COA

## TENTH CAUSE OF ACTION

### DECLARATORY RELIEF

(On Behalf of Plaintiff and the Class Against BMO)

140.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

141.    An actual controversy exists between Plaintiff/Class Members and BMO regarding the legality of BMO's practices, including:

a.     the assessment of unauthorized Merchant Services Fees;

b.     the assessment of unauthorized Account Analysis Fees;

c.     the assessment of unauthorized Cash Management Fees;

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel:(408)628-4257; Fax:(408)628-4258

1          d.     unilateral fee increases;

2          e.     BMO's failure to disclose or explain fee calculations;

3          f.     and BMO's use of backend coding to enroll accounts in services without consent.

4    142.    Plaintiff and Class Members contend these practices are unlawful, unfair, fraudulent, and

5    unauthorized.

6    143.    BMO disputes these contentions, continues to impose unauthorized fees, and refuses to

7    refund the amounts collected.

8    144.    Plaintiff and Class Members seek a judicial declaration that BMO's practices are unlawful

9    and that BMO must cease and desist from imposing fees without valid authorization.

10    **11TH COA**

11    **TENTH CAUSE OF ACTION**

12    <u>INJUNCTIVE RELIEF</u>

13    (On Behalf of Plaintiff and the Class Against BMO)

14    145.    Plaintiff incorporates all preceding paragraphs.

15    146.    BMO continues to:

16          a.     assess unauthorized fees,

17          b.     conceal fee schedules,

18          c.     engage in undisclosed fee increases,

19          d.     miscode business accounts into higher-fee categories,

20          e.     and auto-enroll customers into premium billing plans without consent.

21    147.    Without injunctive relief, Plaintiff and Class Members face ongoing risk of continuing

22    financial harm.

23    148.    Plaintiff and the Class seek an injunction requiring BMO to:

24          a.     cease charging unauthorized Merchant Services Fees;

25          b.     cease charging unauthorized Account Analysis Fees;

26          c.     cease double-charging or overcharging for Cash Management Services;

27          d.     cease unilateral increases to Monthly Service Fees without notice;

28          e.     provide clear, itemized monthly statements explaining all fees;

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel:(408)628-4257; Fax:(408)628-4258

f.      implement a consent-verification system before assessing optional-service fees;

g.      provide restitution for improperly charged fees;

h.      comply with statutory obligations governing fee disclosures.

149.    Injunctive relief is necessary and appropriate under Rule 23(b)(2) because BMO has acted on grounds generally applicable to the Class.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class and Subclass, respectfully requests that the Court enter judgment in her favor and against Defendant BMO, and award the following relief:

**A. Class Certification**

1.      Certify this action as a class action under Rule 23(a), (b)(2), and (b)(3);

2.      Appoint Plaintiff as Class Representative;

3.      Appoint Plaintiff's counsel as Class Counsel.

**B. Declaratory & Injunctive Relief**

4.      Declare BMO's conduct unlawful, unfair, and fraudulent;

5.      Issue injunctive relief prohibiting BMO from charging unauthorized fees;

6.      Require BMO to disclose all future fee changes and optional-service enrollments;

7.      Require BMO to implement consent-verification protocols.

**C. Monetary Relief**

8.      Award restitution of all unauthorized fees collected;

9.      Award compensatory damages, including treble damages under 6th COA;

10.     Award punitive damages for BMO's fraudulent, malicious, or oppressive conduct;

11.     Award disgorgement of all profits wrongfully obtained;

12.     Award prejudgment and post-judgment interest.

**D. Attorneys' Fees & Costs**

13.     Award reasonable attorneys' fees and litigation costs under CCP § 1021.5, UCL, or applicable law.

**E. Other Relief**

14.     Award such other and further relief as the Court deems just and proper.

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258

1

## VIII. DEMAND FOR JURY TRIAL

2  Plaintiff hereby demands a trial by jury on all issues so triable.

3  //

4  Dated: December 2, 2025

5                                        RESPECTFULLY SUBMITTED

6                                        BHS LAW CORPORATION

7                                        /s/ Brian H. Song

8                                        _____
                                         Brian H. Song, Esq. (SBN 188662)
9                                        Attorney for Plaintiff BHS LAW LLP

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax:(408)628-4258

# BANK OF THE WEST

## AUTHORIZATION AND AGREEMENT FOR CASH MANAGEMENT SERVICES

This Authorization and Agreement for Cash Management Services (this "Agreement") is executed by each of the business organizations named below (collectively, the "Business Entities"). Each Business Entity acknowledges that it has received from Bank of the West ("Bank") the *Cash Management Terms and Conditions ("Terms and Conditions"), Deposit Account Disclosure for Business Accounts ("Disclosure Booklet"),* applicable Schedules of Fees and Charges, applicable User Materials, related documents and disclosures (collectively, the "Disclosure Agreement") pertaining to the provision of one or more Cash Management Services (collectively "Services") by Bank to the Business Entities. Each Business Entity agrees that the Services obtained from Bank are subject to this Agreement, the Terms and Conditions, and the Disclosure Agreement, as those documents currently exist and may be added to, deleted from or otherwise changed from time to time in the future. Each Business Entity expressly acknowledges and agrees that if it has any electronic services, amendments to the Terms and Conditions and the Disclosure Agreement may be delivered or posted electronically, as is further disclosed in the Terms and Conditions. Capitalized terms used in this Agreement, not otherwise defined, have the meanings given to them in the Terms and Conditions.

Multiple Entity Cash Management Services Linking - Check if applicable [ ]

Each of the undersigned Business Entities hereby authorizes the linking of its accounts with all of the below-named Business Entities for the selected Services. Each of the undersigned Business Entities hereby appoints the Business Entity first listed below ("Principal Business Entity") to act as the attorney in fact for such Business Entity with respect to all matters concerning Services with Bank, such authority specifically, but without limitation, including the right to: (1) establish, continue, modify, and terminate an account, Service or other banking arrangement made by or on behalf of Business Entity; (2) contract to procure other such Services available from Bank as Principal Business Entity considers desirable; (3) receive bank statements, vouchers, notices, and similar documents from a financial institution and act with respect to them; and (4) designate a person(s) ("Designee(s)") to act with respect to the Services. This power of attorney is coupled with an interest.

The undersigned intend that Bank treat all Business Entities as one entity for purposes of the Services provided pursuant to this Agreement. Specifically and without any limitation intended, each Business Entity specifically authorizes all deposit [and other] accounts of each Business Entity to be linked together for Account Analysis purposes, linked in the Deposit Concentration Service, linked in the Zero Balance Accounting Service, linked in access via our Online Banking Service through any website owned, operated, controlled, or maintained by Bank or any of its affiliates, without restriction. The accounts so linked may include, without limitation, deposit accounts (for example and without limitation, savings, checking, money market, certificates of deposit), credit accounts (for example and without limitation, lines of credit, credit cards, loans, leases), investment and brokerage accounts (for example and without limitation, mutual funds, stocks, securities, annuities) and any and all other accounts that we may now or in the future hold for or on behalf of any named Business Entity.

Each Business Entity represents with respect to the individual who executes this Agreement on its behalf ("Designee") that the Designee is an authorized signer for the Business Entity. Each Business Entity agrees that:

- Any Designee is authorized to access any account of any Business Entity named in this Agreement when such access is accomplished electronically via any Service provided in accordance with this Agreement.

- Each Designee shall further be entitled to access and control all such accounts singly via the Service without regard to any multiple signer designations, requirements, or restrictions that might otherwise be applicable to a specific account but for this Agreement. Such access includes, without limitation, the ability to: (1) control such accounts electronically; (2) view or initiate transactions including, without limitation, withdrawals; (3) deposit and transfer money; (4) generally perform all types of electronic transactions to and from each account of each Business Entity; and (5) further authorize other users to access the accounts to perform similar functions (under the control of such persons authorized hereunder).

Each Business Entity acknowledges and agrees that the linking of its business account(s) through the designated Services as contemplated in this Agreement could subject each of the Business Entities



**EXHIBIT 1**

(individually or collectively) to claims involving or arising out of the commingling of funds, and each Business Entity hereby assumes all of the risks involved. Each Business Entity further acknowledges and agrees that, for purposes of Online Banking, the granting of access to the deposit accounts of each Business Entity by way of a single identification number and password is provided by Bank only at the request and for the convenience of each Business Entity. Each Business Entity, individually and collectively, agrees to indemnify, protect, hold harmless and defend Bank from and against any and all claims, demands, damages, expenses, liabilities or costs (including attorneys' fees, professional fees and court costs), of whatever kind or nature whatsoever, in connection with or arising from allowing any of the accounts belonging to each Business Entity to be linked to one another for access via the Services or from the provision of the Services.

There are 0 additional pages attached to this Agreement, which contain additional Business Entities whose accounts and services may also be linked to the accounts of the Business Entities reflected on this page.

Cash Management Service(s) Requested

| | |
|---|---|
| ☐ Account Analysis Service | ☐ ImageExpress Services |
| ☐ Account Reconcilement Services | ☒ Online Banking Services |
| ☐ ACH Blocked Service | ☒ Payment Orders ACH |
| ☐ Assured Access Card TM Services | ☒ Payment Orders Wires |
| ☐ Cash Vault Services | ☐ Positive Pay Services |
| ☐ Controlled Disbursement | ☐ RemittanceBanking Services (LockBox) |
| ☐ Deposit Concentration Service | ☐ Remote Cashier's Check Service |
| ☐ Direct Delivery of Checks Service | ☐ SecureDirect Banking Integration |
| ☐ DirectPay Manager | ☐ Sweep Services |
| ☐ Electronic Commerce Service | ☐ Tax Direct Services |
| ☒ Electronic Deposit Service | ☐ Third Party Depository Services |
| ☐ Image Clearing Service | ☐ Zero Balance Accounting Services |

Each Business Entity understands that use of any Service is subject to: (1) Bank's receipt of any required information and documentation; (2) Bank's approval; and (3) each Business Entity's completion of any testing or training requirements.

The undersigned Designee, and each of them, is an officer, owner, principal or other authorized individual of the Business Entity on whose behalf the Designee is acting. The undersigned Business Entity and Designee represent and warrant that the Business Entity on whose behalf the Designee is acting has taken all action required by its organizational or constituent documents to authorize the undersigned Designee to execute and deliver this Agreement and any other documents Bank may require with respect to a Service, and to provide to Bank instructions, and to designate employees and agents to act in the name of and on behalf of the Business Entity regarding the Services and any and all accounts affected by any Service obtained on behalf of the Business Entity.

BUSINESS ENTITIES JOINING IN CASH MANAGEMENT SERVICES

**PRINCIPAL BUSINESS ENTITY**

| Tax Identification Number | |
|---|---|
| Business Entity Name<br>Song & Lee LLP | Printed Signer's Name<br>Brian H Song |
| Authorized Signature | Title<br>Member |

| Tax Identification Number: | |
|---|---|
| Business Entity Name | Printed Signer's Name |
| Authorized Signature | Title |

CORPORATE/ASSOCIATION RESOLUTION

RESOLVED: The   Member   Brian H Song
_____, or   _____
(Title)      (Name)           (Title)     (Name)        (Title)     (Name)

of this Corporation is authorized to enter into any cash management services agreements with Bank of the West. to designate from time to time persons. in such number as may be directed, to manage any cash management service and otherwise give instructions regarding this organization's cash management service(s).

RESOLVED further that the authority conferred is in addition to any other authorizations in effect and shall remain in force until Bank receives written notice of its revocation at the office where the account is maintained or at such other location as Bank may direct.

CERTIFICATION

I certify that this resolution was adopted by this organization in accordance with law and its charter documents at a meeting duly held by this organization's governing body, and is now in effect. I certify that all of the signatures on the reverse are genuine and are those of person(s) who are authorized to execute the form who has such title as is listed above. I further certify that I have full authority to execute this certification. Bank of the West is entitled to rely upon this certification until written notice of its revocation is delivered to Bank of the West.

05/30/2019
DATED                              SIGNATURE

                                   Brian H Song / Member          / Secretary
                                   PRINT NAME/TITLE (Must be Secretary or Assistant Secretary)

For Bank Use Only

| Bank of the West (Office/Unit) | Bank of the West (Cash Management Sales) |
|---|---|
| Name: | Name:<br>Miguel Viveros |
| Title: | Title:<br>Cash Management Consultant, AVP |
| Office/Unit: | |
| Date: 05/30/2019 | Date: 05/30/2019 |
| Signature | Signature |

BANK OF WEST

| | Account Analysis Svc Fees | Merchant Svc Fees | Monthly Svc Charges | Cash Management Chg - Non-Analyzed Chg | |
|---|---|---|---|---|---|
| 2019/05/30 | $0.00 | $0.00 | $0.00 | $0.00 | |
| 2019/06/30 | $0.00 | $0.00 | $0.00 | $0.00 | |
| 2019/07/30 | $0.00 | $246.69 | $20.00 | $87.60 | |
| 2019/08/30 | $0.00 | $551.17 | $20.00 | $87.50 | |
| 2019/09/30 | $0.00 | $630.17 | $20.00 | $87.50 | |
| 2019/10/30 | $0.00 | $128.61 | $20.00 | $112.50 | |
| 2019/11/30 | $0.00 | $356.98 | $20.00 | $112.50 | |
| 2019/12/30 | $0.00 | $74.99 | $20.00 | $112.50 | |
| 2020/01/30 | $0.00 | $219.00 | $20.00 | $112.50 | |
| 2020/02/29 | $0.00 | $74.99 | $20.00 | $112.50 | |
| 2020/03/30 | $0.00 | $74.99 | $20.00 | $112.50 | |
| 2020/04/30 | $0.00 | $74.99 | $20.00 | $112.50 | |
| 2020/05/30 | $0.00 | $74.99 | $40.00 | $112.50 | |
| 2020/06/30 | $0.00 | $74.99 | $40.00 | $112.50 | |
| 2020/07/30 | $0.00 | $74.99 | $40.00 | $112.50 | |
| 2020/08/30 | $0.00 | $74.99 | $40.00 | $112.50 | |
| 2020/09/30 | $0.00 | $74.99 | $40.00 | $110.00 | |
| 2020/10/30 | $0.00 | $74.99 | $40.00 | $50.00 | |
| 2020/11/30 | $0.00 | $74.99 | $40.00 | $50.00 | |
| 2020/12/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2021/01/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2021/02/28 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2021/03/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2021/04/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2021/05/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2021/06/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2021/07/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2021/08/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2021/09/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2021/10/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2021/11/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2021/12/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2022/01/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2022/02/28 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2022/03/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2022/04/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2022/05/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2022/06/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2022/07/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2022/08/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2022/09/30 | | $74.99 | $40.00 | $60.00 | <==No Stmt |
| 2022/10/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2022/11/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2022/12/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2023/01/30 | $0.00 | $174.98 | $40.00 | $60.00 | |
| 2023/02/28 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2023/03/30 | $0.00 | $74.99 | $40.00 | $60.00 | |

# EXHIBIT 2

| | Account Analysis Svc Fees | Merchant Svc Fees | Monthly Svc Charges | Cash Management Chg - Non-Analyzed Chg | |
|---|---|---|---|---|---|
| 2023/04/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2023/05/30 | $0.00 | $74.99 | $40.00 | $60.00 | |
| 2023/06/30 | $0.00 | $99.99 | $40.00 | $60.00 | |
| 2023/07/30 | $0.00 | $99.99 | $40.00 | $60.00 | |
| 2023/08/30 | $0.00 | $99.99 | $40.00 | $60.00 | |
| 2023/09/04 | $0.00 | $99.99 | $40.00 | $0.00 | |
| 2023/09/30 | $60.00 | $0.00 | $0.00 | $0.00 | |
| 2023/10/30 | $60.00 | $99.99 | $0.00 | $0.00 | |
| 2023/11/30 | $60.00 | $99.99 | $0.00 | $0.00 | |
| 2023/12/30 | $60.00 | $99.99 | $0.00 | $0.00 | |
| 2024/01/30 | $60.00 | $229.98 | $0.00 | $0.00 | |
| 2024/02/29 | $60.00 | $99.99 | $0.00 | $0.00 | |
| 2024/03/30 | $60.00 | $99.99 | $0.00 | $0.00 | |
| 2024/04/30 | $60.00 | $179.99 | $0.00 | $0.00 | |
| 2024/05/30 | $60.00 | $179.99 | $0.00 | $0.00 | |
| 2024/06/30 | $60.00 | $179.99 | $0.00 | $0.00 | |
| 2024/07/30 | $60.00 | $179.99 | $0.00 | $0.00 | |
| 2024/08/30 | $60.00 | $179.99 | $0.00 | $0.00 | |
| 2024/09/30 | $60.00 | $179.99 | $0.00 | $0.00 | |
| 2024/10/30 | $60.00 | $179.99 | $0.00 | $0.00 | |
| 2024/11/30 | $60.00 | $179.99 | $0.00 | $0.00 | |
| 2024/12/30 | $85.00 | $179.99 | $0.00 | $0.00 | |
| 2025/01/30 | $85.00 | $309.98 | $0.00 | $0.00 | |
| 2025/02/28 | $122.00 | $179.99 | $0.00 | $0.00 | |
| 2025/03/30 | $122.00 | $179.99 | $0.00 | $0.00 | |
| 2025/04/30 | $122.00 | $179.99 | $0.00 | $0.00 | |
| 2025/05/30 | $122.00 | $179.00 | $0.00 | $0.00 | |
| 2025/06/30 | $122.00 | $179.99 | $0.00 | $0.00 | |
| 2025/07/30 | $122.00 | $179.99 | $0.00 | $0.00 | |
| 2025/08/30 | $122.00 | $179.99 | $0.00 | $0.00 | |
| 2025/09/30 | $122.00 | $179.99 | $0.00 | $0.00 | |
| 2025/10/30 | $122.00 | $0.00 | $0.00 | $0.00 | |
| 2025/11/30 | | | | | |
| | | | | | Total: |
| **Sum** | $2,168.00 | $9,805.91 | $1,840.00 | $3,690.10 | $17,504.01 |